## Ward v. Southern Pennsylvania Bus Co.

*Paul C. Van Dyke,* for plaintiff.
*Robert W. Beatty,* for defendant.

DIGGINS, J., November 10, 1958.—Plaintiff instituted suit in trespass after the statute had run and alleged in the complaint certain facts now urged as constituting promissory estoppel against defendant, tolling the statute. Defendant's answer simply takes the position that this allegation, among others, requires no answer, but demands proof thereof at the trial, and in new matter specifically pleads the statute of limitations, to which plaintiff replies that since defendant did not answer the allegation of promissory estoppel, it is taken as admitted.

Since this is an action in trespass, the only answer necessary is to deny agency and instrumentality or to set up an affirmative defense. Here the answer does, inter alia, set up the affirmative defense of the statute. We think that under the Rules of Civil Procedure, failure to answer specifically the allegation of promissory estoppel is not to admit the fact, particularly where defendant demands proof: Pa. R. C. P. 1045.

With the pleadings in this position, defendant moves for judgment on the pleadings. We think such a motion premature since the motion is based on plaintiff's failure to prove promissory estoppel and there are no facts on the record to enable a court to decide. Therefore, we make the following

*Amended Order*

And now, to wit, November 10, 1958, it is ordered, adjudged and decreed that defendant's motion for judgment on the pleadings be and the same is hereby dismissed, proof of the alleged promissory estoppel to be presented on an appropriate testimony list.